**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | No. 09-15413 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-01878-JW |
| v. | MEMORANDUM[*] |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation, | |
| Defendant - Appellee, | |
| and | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, a Pennsylvania corporation, | |
| Counter-defendant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District Judge.[**]

Federal Insurance Company appeals the district court's judgment in favor of St. Paul Fire & Marine Insurance Company. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for recalculation of the parties' obligations.

I

In California, an insurer owes a broad duty to "defend a suit which *potentially* seeks damages within the coverage of the policy," *Vernon Dartmouth Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 (Cal. 1966), "or if the complaint might be amended to give rise to a liability that would be covered under the policy," *Montrose Chem. Corp. of Cal. v. Superior Court*, 861 P.2d 1153, 1160 (Cal. 1993). "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id*. So it is only "in an action wherein none of the claims is even potentially covered because it does not even possibly embrace any triggering harm of the specified sort within the policy period caused by an

[**] The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

included occurrence, the insurer does not have a duty to defend." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005).

There is no dispute about the duty to defend once Fujitsu's second amended complaint was filed, but we believe the obligation to defend was triggered earlier, when Fujitsu brought a counterclaim in Cirrus's 2001 action. We cannot say that the allegation in that pleading – that unpredictable short-circuiting after the chips were put to their intended use rendered Fujitsu's drive inoperable – "does not even possibly" embrace harm contemplated by the "sudden and accidental" exception to the impaired property exclusion. *Id.*; *Anthem Elec. Inc. v. Pac. Emp'r Ins. Co.*, 302 F.3d 1049, 1059 (9th Cir. 2002). The policy's example of "sudden and accidental" damage supports this conclusion.[1] Nor does the extrinsic evidence upon which St. Paul relies regarding the cause of the short-circuits lead to a different result, as it fails to "negate[ ] all facts suggesting potential coverage." *Scottsdale*, 115 P.3d at 466. Thus, the counterclaim gave rise to the possibility that the exception to the exclusion applies.[2]

---

[1] The language of an insurance policy is to be construed against the insurer. *Gray*, 419 P.2d at 172 n.7.

[2] For this purpose we assume (as St. Paul argues) that it was Federal's initial burden to show the possibility that the exception applies. *See Sony Computer Entm't America, Inc. v. Am. Home Assurance Co.*, 532 F.3d 1007, 1020 n.8 (9th Cir. 2008).

We remand to the district court so that the parties may recalculate their obligations consistent with this disposition.

## II

Federal waived its claim to indemnity under St. Paul's Commercial General Liability policy, as it failed to preserve this issue before the district court.

REVERSED AND REMANDED.